UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID ALLEN HOLMES,<br><br>                    Plaintiff,<br><br>         v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | CASE NO. C18-5735 MJP-TLF<br><br>ORDER DENYING IN PART, GRANTING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION |

THIS MATTER comes before the Court upon Defendants' Motion for Reconsideration (Dkt. No. 55) of the Court's Order (Dkt. No. 53) Adopting the Report and Recommendation of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 50). Having read the Motion, Plaintiff's Response (Dkt. No. 57), and the related record, the Court DENIES the Motion in part, and GRANTS in part.

//

//

## Background

### A. Factual History

The Parties are familiar with the relevant facts, which are set forth at length in the Report and Recommendation. (Dkt. No. 50.) Briefly, in 2010 Plaintiff, an inmate at the Clallam Bay Corrections Center ("CBCC"), was diagnosed with Pigmentary Dispersion Syndrome ("PDS"). (Dkt. No. 37, Declaration of Dr. Alan Copeland ("Copeland Decl."), ¶ 9, Ex. A.) PDS causes iris pigment to settle at the bottom of the eye, clogging eye ducts and leading to cataracts and glaucoma, if untreated. (Id., ¶ 9.) At the time he was diagnosed, Plaintiff's assisted visual acuity was 20/25 in his right eye and 20/20 in his left eye. (Id., Ex. A at 9.)

By August 2014, however, Plaintiff's aided visual acuity had decreased to 20/200 in his right eye and 20/60 in his left eye. (Copeland Decl., Ex. B, G.) The CBCC consulting optometrist, Dr. Alan Copeland, requested cataract extraction surgery for Plaintiff in both eyes. (Id.) While the request was initially approved by CBCC Facility Medical Director, the Secretary Supervisor cancelled Plaintiff's appointment, writing "Pt. does not meet criteria for cataract surgery." (Id., Ex. H; Dkt. No. 45, Declaration of Jesse Froehling ("Froehling Decl."), Ex. 4.)

Plaintiff's medical charts note his declining vision over the following months. And in 2015, Dr. Copeland once again requested cataract extraction surgery for both Plaintiff's eyes. (Froehling Decl., Ex. 9.) A consulting optometrist at Northwest Eye Surgeons agreed that Plaintiff had visually significant cataracts that interfered with his activities of daily living. (Id., Ex. 12.) Yet the CBCC Care Review Board only approved surgery for Plaintiff's right eye; Plaintiff had the cataract in his right eye removed on August 31, 2016. (Id., Ex. 14.)

Following the surgery, and over the next several years, Plaintiff complained frequently about constant headaches caused by the difference in vision between his corrected right eye and

his uncorrected left.  (See, e.g., Froehling Decl., Ex. 16.)  He also noted he was nearly unable to read or write and was experiencing constant pain that was not being properly documented by Dr. Copeland, the DOC optometrist.  (Id., Ex. 22.)

Plaintiff filed this action on October 3, 2018.  Several months later, and after his uncorrected visual acuity was measured at 20/400, Plaintiff had cataract extraction surgery in his left eye.  (Copeland Decl., Ex. W at 74; Dkt. Nos. 34; 37 Ex. X; Dkt. No. 44.)  Following his surgery Plaintiff's visual acuity was 20/20 in his right eye and 20/30 in his left.  (Dkt. No. 37, Ex. X.)

**B.  Procedural Background**

Plaintiff stated claims against Defendants Secretary of the DOC Stephen Sinclair, Former Superintendent of the CBCC Ron Haynes, CBCC Superintendent Jeri Boe, Chief Medical Officer of the DOC G. Steven Hammond and Assistant Secretary of the DOC Kevin Bovencamp in their official capacities for violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"); against all Defendants for violation of the Eighth Amendment, and; against Defendants Dr. Dale Fetroe, Dr. Alan Copeland, and Certified Physician's Assistant ("PA-C") Jacki Peterson for Medical Malpractice and/or Negligence.  (Dkt. No. 7.)

On December 13, 2019, Defendants filed a motion for summary judgment, seeking to dismiss all claims.  (Dkt. No. 34.)  In her Report and Recommendation, the Honorable Theresa L. Fricke, United States Magistrate Judge, recommended dismissing Plaintiff's claims under the ADA and RA, without prejudice, dismissing Plaintiff's Eighth Amendment claims against the DOC for the reasons stated in Defendants' motion and, s*ua sponte*, recommended dismissing Defendant Davis, sued only in her official capacity, because Plaintiff's request for injunctive relief—cataract extraction surgery on his left eye—was moot, and a state officer sued for

1  damages in their official capacity, like the State, is not a "person" within the meaning of Section
2  1983.  Paeste v. Gov't of Guam, 798 F.3d 1228, 1236 (9th Cir. 2015).  Magistrate Judge Fricke
3  recommended denying Defendants' motion as to Plaintiff's claims against all Defendants for
4  violation of his Eighth Amendment rights.  (Dkt. No. 50 at 11-24.)  Defendants timely objected,
5  arguing for the first time that Plaintiff failed to state a claim against several Defendants sued only
6  in their official capacities or to allege the remaining Defendants had personal involvement in the
7  constitutional violations.  (Dkt. No. 51.)

8  On August 31, 2020, without addressing the substance of Defendants' objections, the
9  Honorable Ronald B. Leighton, United States District Judge, adopted the Report and
10 Recommendation.  (Dkt. No. 53.)  The Order dismissed, without prejudice, Plaintiff's ADA and
11 RA claims, Eighth Amendment claims against Defendants Bovenkamp, Davis, and Peterson, and
12 claims against the DOC.  (Id.)  Plaintiff's Eighth Amendment claims against the remaining
13 Defendants, and state law claims against Defendants Fetroe and Copeland for Medical
14 Malpractice and Negligence remain.

15 Defendants now move for reconsideration, arguing the Court committed manifest error in
16 failing to dismiss additional Defendants *sua sponte*, as required by 28 U.S.C. 1915A (b)(1).
17 (Dkt. No. 55.)  Plaintiff has filed a response, arguing that the Court could not have committed
18 error by failing to *sua sponte* dismiss additional Defendants, a discretionary decision solely
19 within the power of the Court.  (Dkt. No. 57 at 2.)

20 **Discussion**

21 Motions for reconsideration are disfavored and are ordinarily denied "in the absence of a
22 showing of manifest error in the prior ruling or a showing of new facts or legal authority which

could not have been brought to [the Court's] attention earlier with reasonable diligence." See LCR 7(h)(1).

Defendants argue the Court committed manifest error in failing to dismiss Plaintiff's claims against all Defendants who: (1) denied Plaintiff's cataract surgery based on an alleged "One Good Eye" policy; (2) have no alleged personal involvement in the violation of Plaintiff's constitutional rights; and (3) were sued only in their official capacities. (Dkt. No. 55.)

First, Defendants' argument that the DOC does not have a "One Good Eye" policy was addressed at length in the Report and Recommendation and is not persuasive. (Dkt. No. 50 at 14-20.) As explained by Magistrate Judge Theiler, "Considering the evidence in the record, a reasonable jury could conclude that the [D]efendants ignored the recommendations of treating specialist[s] and made the decision to deny [P]laintiff medical treatment based on the Department of Correction's administrative policy." (Dkt. No. 50 at 20.) Whatever the administrative policy is titled, the conduct at issue raises genuine issues of material fact about whether Defendants acted with deliberate indifference to Plaintiff's serious medical need.

Next, Defendants argue that Plaintiff failed to make any allegations against Defendants Sinclair, Haynes, Boe, Hammond, Fetroe, or Copeland, connecting them to violations of his rights and the Court therefore erred by not dismissing Plaintiff's claims *sua sponte*, pursuant to 28 U.S.C. § 1915A. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). "In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

1       Plaintiff alleges that as Secretary of the DOC, "Defendant Sinclair enforces and
2  implements the DOC's 'One Good Eye' policy" (Compl. ¶ 18), Defendants Haynes and Boe had
3  notice of Plaintiff's worsening condition yet denied Plaintiff access to services (Compl. at 7; id.,
4  ¶ 54), Dr. Hammond disregarded his duty to ensure the DOC provides constitutionally-adequate
5  medical care by denying Plaintiff access to services (id., ¶¶ 11, 54), Dr. Fetroe, who "has the
6  authority to authorize medical services," cancelled Plaintiff's outside consultation in 2014, even
7  though it was recommended by the CBCC optometrist, demonstrating he was aware that Plaintiff
8  fit the Offender Health Plan's criteria for cataract surgery years before Plaintiff was authorized to
9  receive surgery (id., ¶¶ 12, 41), and Dr. Copeland repeatedly noted Plaintiff's deteriorating
10 condition, but on multiple occasions denied Plaintiff necessary treatment, such as glasses, even
11 after Plaintiff offered to pay out of his own pocket (id. ¶¶ 43, 47-48; Compl. at 19).

12      Viewing the allegations in the light most favorable to Plaintiff, he has alleged that each of
13 these Defendants took "an affirmative act, participate[d] in another's affirmative act, or omit[ted]
14 to perform an act which he is legally required to do that causes the deprivation of which
15 complaint is made.'" Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir.
16 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal
17 connection may be established when an official sets in motion a 'series of acts by others which
18 the actor knows or reasonably should know would cause others to inflict' constitutional harms."
19 Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  Further, where claims are
20 asserted against administrators or persons who supervise the provision of prison medical care,
21 the question is not whether the administrator or supervisor was "directly involved" in the
22 plaintiff's diagnosis, but whether the plaintiff has sufficiently alleged that the supervisor's
23 knowing failure to address the treating provider's deficient care interfered with the plaintiff's
24

medical treatment.  See Gonzalez v. Ahmed, 67 F.Supp.3d 1145, 156-57 (N.D. Cal. 2014) (where supervisors knew doctor had denied plaintiff medical care but nonetheless ordered plaintiff to return to that doctor's care).

The Court also notes that because Defendants did not raise these arguments in their Motion for Summary Judgment (see Dkt. No. 34), Plaintiff had no chance to respond or to submit relevant factual support for his allegations.  This is one reason "the Court ordinarily will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'"  UMG Recordings, Inc. v. Glob. Eagle Ent., Inc., No. CV143466MMMJPRX, 2015 WL 12752881, at *9 (C.D. Cal. Aug. 27, 2015) (quoting 4 B's Realty, LLC v. Toscano, 818 F.Supp.2d 654, 659 (E.D.N. Y 2011) (additional citation omitted).  See also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.").

For the same reasons, the Court cannot *sua sponte* enter summary judgment, because Plaintiff has not been given appropriate notice and has not had the opportunity to submit a factual record in support of any counterargument he may make. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); see also Norse v. City of Santa Cruz, 629 F.3d 966, 971-73 (9th Cir. 2010) (en banc) (recognizing that district court has authority to enter summary judgment *sua sponte*, but concluding that district court erred by granting summary judgment *sua sponte* without providing adequate notice and opportunity to be heard, and without ruling on evidentiary objections).

1  However, pursuant to 28 U.S.C. § 1915A(b)(1), the Court must dismiss any portion of the complaint that fails to state a claim upon which relief may be granted.  Here, Defendants Sinclair, Haynes, Boe, and Hammond, like Defendant Davis who was previously dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b)(1), were sued only in their official capacities for monetary damages, and Plaintiff has therefore failed to state a claim against these individuals under Section 1983.  Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013); Paeste v. Gov't of Guam, 798 F.3d 1228, 1236 (9th Cir. 2015). The Court therefore dismisses Plaintiff's Eighth Amendment claims against these Defendants without prejudice.

**Conclusion**

In sum, the Court DISMISSES, without prejudice, Plaintiff's Eighth Amendment Claims against Defendants Sinclair, Haynes, Boe, and Hammond *sua sponte* pursuant to 28 U.S.C. § 1915A(b)(1).  Because Plaintiff's Eighth Amendment claims against Dr. Copeland and Dr. Fetroe remain, the Court retains jurisdiction over the State medical negligence claims.  (See Dkt. No. 55 at 9-10.).

This matter is once again referred to Magistrate Judge Fricke, with the instruction that Plaintiff shall have 30 days from the date of this Order to file an amended Complaint.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 19, 2021.

Marsha J. Pechman
United States District Judge